**BRIAN T. DUNN, ESQ. (SBN 176502)**
Email: bdunn@cochranfirm.com
**MEGAN R. GYONGYOS, ESQ. (SBN 285476)**
Email: mgyongyos@cochranfirm.com
**THE COCHRAN FIRM CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010
Telephone: (323) 435-8205
Facsimile: (323) 282-5280

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY REEDOM, individually and as Successor in Interest to JONTELL REEDOM, deceased,<br><br>     Plaintiff,<br><br>vs.<br><br>CITY OF TULARE, a municipal entity, and DOES 1 through 10, inclusive,<br><br>     Defendants. | **CASE NO.:**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unreasonable Use of Deadly Force)**<br><br>**2. Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unconstitutional Policy, Practice, or Custom)**<br><br>**3. Wrongful Death (Cal. Government Code §§ 815.2(a), 820(a); Cal. Civil Code § 43) (Based on Battery)**<br><br>**4. Wrongful Death (Cal. Government Code §§ 815.2(a), 820(a)) (Based on Negligence)**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

**THE COCHRAN FIRM – CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

**JURISDICTION AND VENUE**

1.    Jurisdiction is vested in this court under 28 U.S.C. § 1343(a)(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1376(a).

2.    Venue is proper in the Eastern District of California under 28 U.S.C. § 1391(a)-(b).

**PARTIES**

3.    Plaintiff BOBBY REEDOM (hereinafter sometimes referred to as "Plaintiff") is, and at all relevant times mentioned herein was, a resident of the County of Kern and State of California. Plaintiff BOBBY REEDOM is the surviving biological father of decedent JONTELL REEDOM.

4.    Plaintiff BOBBY REEDOM is a Successor in Interest to JONTELL REEDOM, and is entitled to bring certain causes of action herein alleged pursuant to § 377.30 of the California Code of Civil procedure. (Attached herein is a declaration designating Plaintiff BOBBY REEDOM as a Successor in Interest to JONTELL REEDOM, furnished herewith pursuant to § 377.32 of the California Code of Civil Procedure, and a true and correct copy of the death certificate for JONTELL REEDOM, furnished herewith pursuant to § 377.32 of the California Code of Civil Procedure.)

5.    Defendant CITY OF TULARE (hereinafter "CITY") is, and at all relevant times mentioned herein was, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California.

6.    Plaintiff is informed and believes, and thereon alleges, that the heretofore unknown Defendant DOE Officers are, and at all relevant times mentioned herein were, residents of the County of Tulare and State of California. Further, at all times relevant to the acts and omissions herein alleged, said Defendant DOE Officers were police officers employed by the Defendant CITY and Tulare Police Department, and were acting under color of state law and in the course and scope of their employment with the Defendant CITY and the Tulare Police Department.

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone - (323) 282-5280 Facsimile

7.     On or around March 27, 2018, a timely Claim for Damages was submitted to the City of Tulare in substantial compliance with California Government Code § 910, et. seq. As of the date of the filing of this Complaint, said Claim has been denied.

8.     Plaintiff is unaware of the true names and capacities of those Defendants named herein as DOE Defendants. Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to him. Plaintiff is informed, believes, and thereon alleges that these DOE Defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

9.     Each of the individual Defendants sued herein is sued both in his individual and personal capacity, as well as in his official capacity.

10.     Plaintiff is informed, believes, and thereon alleges that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of other co-Defendants.

## FACTS COMMON TO ALL COUNTS

11.     This Complaint concerns a fatal officer-involved shooting incident which occurred during the afternoon hours of Monday, March 12, 2018, at or around the intersection of Cross Avenue and North Cherry Street in the City and County of Tulare and State of California. Plaintiff is informed, believes, and thereon alleges that at

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone - (323) 282-5280 Facsimile

approximately 4:30 p.m. on March 12, 2018, Plaintiff's decedent, JONTELL REEDOM, was at or around the intersection of Cross Avenue and North Cherry Street when two heretofore unknown Defendant DOE Officers, while acting under color of state law and in the course and scope of their employment with the Defendant CITY and the Tulare Police Department, negligently assessed the circumstances presented to them, and then violently confronted JONTELL REEDOM. At the time that the Defendant DOE Officers first encountered JONTELL REEDOM, it was or should have been apparent to the Defendant DOE Officers that JONTELL REEDOM was mentally unwell and/or going through a mental health crisis.

12.    After the Defendant DOE Officers violently confronted JONTELL REEDOM at or around the intersection of Cross Avenue and North Cherry Street, the Defendant DOE OFFICERS proceeded to assault and batter JONTELL REEDOM by discharging a Taser at JONTELL REEDOM, punching JONTELL REEDOM multiple times, striking JONTELL REEDOM with a baton, deploying pepper spray against JONTELL REEDOM, and, without warning, repeatedly and unjustifiably discharging their department-issued firearms at JONTELL REEDOM, inflicting multiple gunshot wounds, which proved to be fatal. Following the shooting, the involved officers denied medical care to JONTELL REEDOM in a manner that demonstrated deliberate indifference to his constitutional rights. After a significant and appreciable period of time had passed following the shooting, JONTELL REEDOM died as a direct and proximate result of the gunshot wounds inflicted upon his person by the Defendant DOE Officers.

13.    At no time during the course of these events did JONTELL REEDOM pose any immediate threat of death or serious bodily injury to the Defendant DOE Officers, nor did he do anything to justify the force used against him who shot him, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which he was fatally shot, JONTELL REEDOM posed no immediate threat of death or serious bodily injury to the Defendant DOE Officers, nor to any other individual. Both

prior to and during the time in which he was shot dead, JONTELL REEDOM made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that he had the will, or the ability, to inflict substantial bodily harm against any individual. Both prior to and during the time in which the Defendant DOE Officers shot and killed JONTELL REEDOM, the Defendant DOE Officers, who fired, were not faced with any circumstances which would have led a reasonable police officer to believe that JONTELL REEDOM posed an immediate threat of death or serious bodily injury to any person.

## FOR THE FIRST CAUSE OF ACTION

**(By Plaintiff BOBBY REEDOM, as Successor in Interest to JONTELL REEDOM, Deceased, Against the Heretofore Unknown Defendant DOE Officers for Violations of Civil Rights [42 U.S.C. §1983])**

**(Based on Unreasonable Use of Deadly Force)**

14.    Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

15.    This cause of action is brought on behalf of decedent JONTELL REEDOM, by and through his Successor in Interest, Plaintiff BOBBY REEDOM, who would, but for his death, be entitled to bring this cause of action, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to JONTELL REEDOM by the Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

16.    Plaintiff is informed, believes, and thereon alleges that at all times mentioned herein, the Defendant CITY employed the individual Defendants named herein, including the heretofore unknown Defendant DOE Officers. The Defendant CITY provided its individual employees and agents, including the Defendant DOE Officers, with official badges and identification cards which designated and described the bearers as employees of the Defendant CITY and the Tulare Police Department.

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone - (323) 282-5280 Facsimile

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

17.    At all times relevant to the acts and omissions herein alleged, the Defendant DOE Officers were employed by the Defendant CITY and the Tulare Police Department, and were acting under color of state law and in the course and scope of their employment with the Defendant CITY and the Tulare Police Department.

18.    At approximately 4:30 p.m. on March 12, 2018, Plaintiff's decedent, JONTELL REEDOM, was at or around the intersection of Cross Avenue and North Cherry Street when two heretofore unknown Defendant DOE Officers, while acting under color of state law and in the course and scope of their employment with the Defendant CITY and the Tulare Police Department, violently confronted him. At the time that the Defendant DOE Officers first encountered JONTELL REEDOM, it was or should have been apparent to the Defendant DOE Officers that JONTELL REEDOM was mentally unwell and/or going through a mental health crisis.

19.    After the Defendant DOE Officers violently confronted JONTELL REEDOM at or around the intersection of Cross Avenue and North Cherry Street, the Defendant DOE OFFICERS proceeded to assault and batter JONTELL REEDOM by discharging a Taser at JONTELL REEDOM, punching JONTELL REEDOM multiple times, striking JONTELL REEDOM with a baton, deploying pepper spray against JONTELL REEDOM, and, without warning, repeatedly and unjustifiably discharging their department-issued firearms at JONTELL REEDOM, inflicting multiple gunshot wounds, which proved to be fatal. Following the shooting, the involved officers denied medical care to JONTELL REEDOM in a manner that demonstrated deliberate indifference to his constitutional rights. After a significant and appreciable period of time had passed following the shooting, JONTELL REEDOM died as a direct and proximate result of the gunshot wounds inflicted upon his person by the Defendant DOE Officers.

20.    At no time during the course of these events did JONTELL REEDOM pose any immediate threat of death or serious bodily injury to the Defendant DOE Officers, nor did he do anything to justify the force used against him who shot him, and the same

was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which he was fatally shot, JONTELL REEDOM posed no immediate threat of death or serious bodily injury to the Defendant DOE Officers, nor to any other individual. Both prior to and during the time in which he was shot dead, JONTELL REEDOM made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that he had the will, or the ability, to inflict substantial bodily harm against any individual. Both prior to and during the time in which the Defendant DOE Officers shot and killed JONTELL REEDOM, the Defendant DOE Officers, who fired, were not faced with any circumstances which would have led a reasonable police officer to believe that JONTELL REEDOM posed an immediate threat of death or serious bodily injury to any person.

21.    At all times mentioned herein, the Defendant DOE Officers acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and/or usages of the State of California and the Defendant CITY. The Defendant DOE Officers deprived JONTELL REEDOM of the rights, privileges, and/or immunities secured to him by the Fourth Amendment to the Constitution of the United States and the laws of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

22.    JONTELL REEDOM had the right to be free from unreasonable governmental seizures of his person, a right which was secured to JONTELL REEDOM by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated by the wrongful conduct of the Defendant DOE Officers, which proximately caused the death of JONTELL REEDOM.

23.    Plaintiff is informed, believes, and thereon alleges that in unreasonably seizing the person of JONTELL REEDOM, as described in the foregoing paragraphs of this Complaint, the Defendant DOE Officers acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and

omissions, and purposefully with the intent to deprive JONTELL REEDOM of his federally protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against the Defendant DOE Officers in an amount to be proven at the trial of this matter.

24.     As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant DOE Officers, JONTELL REEDOM was shot and killed on March 12, 2018, and suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, apprehension, and loss of enjoyment of life prior to his death, all to his damage in a sum to be determined at trial.

25.     As a further proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant DOE Officers, JONTELL REEDOM was required to employ, and did in fact employ, health care providers and/or medical practitioners to examine, treat, and care for him, and incurred expenses for emergent medical services and medical treatment and care prior to his death in an amount according to proof at trial.

26.     Plaintiff is entitled to and hereby demand costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

## FOR THE SECOND CAUSE OF ACTION

**(By Plaintiff BOBBY REEDOM, as Successor in Interest to JONTELL REEDOM, Deceased, Against Defendant CITY OF TULARE for Violations of Civil Rights [42 U.S.C. §1983])**

**(Based on Unconstitutional Policy, Practice, or Custom)**

27.     Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

28.     This cause of action is brought on behalf of decedent JONTELL REEDOM, by and through his Successor in Interest, Plaintiff BOBBY REEDOM, who would, but for his death, be entitled to bring this cause of action, and is set forth herein to redress

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to JONTELL REEDOM by the Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

29.    Plaintiff is informed, believes, and thereon alleges, that at all times mentioned herein, the Defendant CITY employed the individual Defendants named herein, including the Defendant DOE Officers. The Defendant CITY provided its individual employees and agents, including the Defendant DOE Officers, with official badges and identification cards which designated and described the bearers as employees of the Defendant CITY and the Tulare Police Department.

30.    At all times relevant to the acts and omissions herein alleged, the Defendant DOE Officers were employed by the Defendant CITY and the Tulare Police Department, and were acting under color of state law and in the course and scope of their employment with the Defendant CITY and the Tulare Police Department.

31.    As set forth in the foregoing paragraphs of this Complaint, the Defendant DOE Officers, while acting under color of state law and in the course and scope of their employment with the Defendant CITY and the Tulare Police Department, violated the Fourth Amendment rights of JONTELL REEDOM by acts which included, but were not limited to, using unreasonable and excessive force against JONTELL REEDOM. As described in this Complaint, the shooting of JONTELL REEDOM was an unconstitutional display of an unreasonable seizure, and of the deadly and excessive use of force, which violated the Fourth Amendment right of JONTELL REEDOM to be free from unreasonable governmental seizures of his person.

32.    Plaintiff is informed, believes, and thereon alleges, that the Defendant DOE Officers' shooting of JONTELL REEDOM, an unarmed man who posed no immediate threat of death or serious bodily injury to the Defendant DOE Officers or any other person, and who was clearly mentally unwell and/or going through a mental health crisis, demonstrated that the Defendant DOE Officers' training was inadequate to allow

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

9

them to handle the usual and recurring situations faced by Tulare Police Department officers, as evidenced by the following specific actions and omissions of the Defendant DOE Officers in their response to the subject incident:

a. The tactical standard of care for law enforcement agencies similarly situated to the Tulare Police Department is for law enforcement officers employed by such agencies to utilize additional officers, departmental personnel, and/or departmental resources to assist them when approaching and/or attempting to arrest and/or detain suspects and/or potential arrestees whom the officers believe may possibly pose a threat to the safety of the officers or third parties. Both prior to and during the time in which the Defendant DOE Officers shot and killed JONTELL REEDOM, they acted in flagrant contravention of this well established standard of care.

b. The tactical standard of care for law enforcement agencies similarly situated to the Tulare Police Department is for law enforcement officers employed by such agencies, whenever possible, to issue commands and warnings that are clear and intelligible to suspects and/or potential arrestees prior to employing deadly force. Both prior to and during the time in which the Defendant DOE Officers shot and killed JONTELL REEDOM, they acted in flagrant contravention of this well established standard of care.

c. The tactical standard of care for law enforcement agencies similarly situated to the Tulare Police Department is for law enforcement officers employed by such agencies to use all available forms of cover and concealment when confronted with the possibility of using deadly force. Both prior to and during the time in which the Defendant DOE Officers shot and killed JONTELL REEDOM, they acted in flagrant contravention of this well established standard of care.

d. The tactical standard of care for law enforcement agencies similarly situated to the Tulare Police Department is for law enforcement officers employed by

such agencies to keep a safe distance from suspects whom the officers believe may possibly pose a threat to their safety so as to obtain the tactical advantage of distance from a potential threat. Both prior to and during the time in which the Defendant DOE Officers shot and killed JONTELL REEDOM, they acted in flagrant contravention of this well established standard of care.

e.  The tactical standard of care for law enforcement agencies similarly situated to the Tulare Police Department is for law enforcement officers employed by such agencies to use cover, concealment, distance, additional departmental personnel, available illumination, and available communication to accurately assess the level of threat posed by a suspect and/or potential arrestee prior to using deadly force. Both prior to and during the time in which the Defendant DOE Officers shot and killed JONTELL REEDOM, they acted in flagrant contravention of this well established standard of care.

f.  The tactical standard of care for law enforcement agencies similarly situated to the Tulare Police Department is for law enforcement officers employed by such agencies to fire in controlled bursts when using deadly force, and to stop and reassess their target, back drop, ad fields of fire when using deadly force, so as to avoid exposing persons and property to unnecessary fire. Both prior to and during the time in which the Defendant DOE Officers shot and killed JONTELL REEDOM, they acted in flagrant contravention of this well established standard of care.

g.  The tactical standard of care for law enforcement agencies similarly situated to the Tulare Police Department is for law enforcement officers employed by such agencies who are interacting with a suspect who is or appears to be mentally ill, emotionally disturbed, and/or going through a mental health crisis, to take time to assess the situation, give the suspect time to calm down, move slowly, disperse any crowds that may have gathered, reduce

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard. Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

environmental distractions, assume a quiet non-threatening manner, avoid physical contact if no violence or destructive acts have taken place, explain intended actions before taking action, communicate with the suspect, and refrain from threatening the suspect. Both prior to and during the time in which the Defendant DOE Officers shot and killed JONTELL REEDOM, they acted in flagrant contravention of this well established standard of care.

33.    Plaintiff is informed, believes, and thereon alleges that prior to March 12, 2018, the Defendant DOE Officers received training and instruction in police tactics and procedures from the Tulare Police Department in ways which included, but were not limited to, their attendance at a police academy, their attendance at departmental briefings, their attendance at mandatory and voluntary training seminars, their attendance at roll call at their respective station(s) prior to their assigned shift(s), their receipt of departmental training manuals, their receipt of departmental training bulletins, and their receipt of additional departmental correspondence and electronic mails.

34.    Plaintiff is informed, believes, and thereon alleges that both prior to and on March 12, 2018, encounters with individuals like JONTELL REEDOM were common among Tulare Police Department officers similarly situated to the Defendant DOE Officers, and such encounters were a recurring situation faced by Tulare Police Department officers similarly situated to the Defendant DOE Officers.

35.    Plaintiff is informed, believes, and thereon alleges that those individuals responsible for training the Defendant DOE Officers, including, but not limited to, their respective field training officers, watch commanders, shift commanders, training officers, firearms instructors, defensive tactics instructors, sergeants, captains, lieutenants, higher ranking officers, and authorized policy makers and decision makers within the Tulare Police Department, the identities of whom are presently unknown to Plaintiff, knew, or in the exercise of reasonable diligence should have known, that the obvious consequences of the failure to implement, institute, enact, communicate, teach, and/or cause to be taught the above referenced tactical training to officers similarly

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

situated to the Defendant DOE Officers would be that individuals who do not pose an immediate threat of death or serious bodily injury to any person, such as JONTELL REEDOM, would suffer constitutional deprivations from the unreasonable and excessive use of deadly force.

36.    Plaintiff is further informed and believes, and thereon alleges, that notwithstanding the fact that the training personnel responsible for training the Defendant DOE Officers, including, but not limited to, their respective field training officers, watch commanders, shift commanders, training officers, firearms instructors, defensive tactics instructors, sergeants, captains, lieutenants, higher ranking officers, and authorized policy makers and decision makers within the Tulare Police Department, the identities of whom are presently unknown to Plaintiff, knew, or in the exercise of reasonable diligence should have known, that the obvious consequences of the failure to implement, institute, enact, communicate, teach, and/or cause to be taught the above referenced tactical training to officers similarly situated to the Defendant DOE Officers would be that individuals who do not pose an immediate threat of death or serious bodily injury to any person, such as JONTELL REEDOM, would suffer constitutional deprivations from the unreasonable and excessive use of deadly force, said training personnel, and each of them, deliberately and consciously failed to provide adequate tactical training in the above enumerated areas.

37.    Plaintiff is informed, believes, and thereon alleges that the failure of the Defendant CITY and the Tulare Police Department to provide adequate training to the Defendant DOE Officers, as described in the foregoing paragraphs of this Complaint, caused JONTELL REEDOM to suffer Fourth Amendment violations resulting from the unreasonable and excessive use of deadly force.

38.    As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant DOE Officers, JONTELL REEDOM was shot and killed on March 12, 2018, and suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity,

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

embarrassment, apprehension, and loss of enjoyment of life prior to his death, all to his damage in a sum to be determined at trial.

39.     As a further proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant DOE Officers, JONTELL REEDOM was required to employ, and did in fact employ, health care providers and/or medical practitioners to examine, treat, and care for him, and incurred expenses for emergent medical services and medical treatment and care prior to his death in an amount according to proof at trial.

40.     Plaintiff is entitled to and hereby demand costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

## FOR THE THIRD CAUSE OF ACTION

**(By Plaintiff BOBBY REEDOM Against All Defendants for Wrongful Death [Cal. Government Code §§815.2(a), 820(a); Cal. Civil Code §43])**

**(Based on Battery)**

41.     Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

42.     All claims asserted herein against the Defendant CITY are presented pursuant to the Defendant CITY's vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(2) and 820(a).

43.     At approximately 4:30 p.m. on March 12, 2018, Plaintiff's decedent, JONTELL REEDOM, was at or around the intersection of Cross Avenue and North Cherry Street when two heretofore unknown Defendant DOE Officers, while acting under color of state law and in the course and scope of their employment with the Defendant CITY and the Tulare Police Department, violently confronted him. At the time that the Defendant DOE Officers first encountered JONTELL REEDOM, it was or should have been apparent to the Defendant DOE Officers that JONTELL REEDOM was mentally unwell and/or going through a mental health crisis.

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

44.     After the Defendant DOE Officers violently confronted JONTELL REEDOM at or around the intersection of Cross Avenue and North Cherry Street, the Defendant DOE OFFICERS proceeded to assault and batter JONTELL REEDOM by discharging a Taser at JONTELL REEDOM, punching JONTELL REEDOM multiple times, striking JONTELL REEDOM with a baton, deploying pepper spray against JONTELL REEDOM, and, without warning, repeatedly and unjustifiably discharging their department-issued firearms at JONTELL REEDOM, inflicting multiple gunshot wounds, which proved to be fatal.

45.     As a direct and proximate result of the above-mentioned conduct of the Defendant DOE Officers, and each of them, JONTELL REEDOM was shot on March 12, 2018. After surviving for an appreciable period of time following the shooting, JONTELL REEDOM died as a direct and proximate result of the gunshot wounds inflicted upon his person by the Defendant DOE Officers.

46.     At no time during the course of these events did JONTELL REEDOM pose any immediate threat of death or serious bodily injury to the Defendant DOE Officers, nor did he do anything to justify the force used against him who shot him, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which he was fatally shot, JONTELL REEDOM posed no immediate threat of death or serious bodily injury to the Defendant DOE Officers, nor to any other individual. Both prior to and during the time in which he was shot dead, JONTELL REEDOM made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that he had the will, or the ability, to inflict substantial bodily harm against any individual. Both prior to and during the time in which the Defendant DOE Officers shot and killed JONTELL REEDOM, the Defendant DOE Officers, who fired, were not faced with any circumstances which would have led a reasonable police officer to believe that JONTELL REEDOM posed an immediate threat of death or serious bodily injury to any person.

///

47.    Plaintiff is informed, believes, and thereon alleges that in shooting JONTELL REEDOM, as described in the foregoing paragraphs of this Complaint, the Defendants DOE Officers acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive JONTELL REEDOM of his protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against the Defendant DOE Officers in an amount to be proven at the trial of this matter.

48.    As a direct and proximate result of the above-described conduct of the Defendants, and each of them, and the ensuing death of JONTELL REEDOM, JONTELL REEDOM's heir, the Plaintiff herein, has sustained substantial economic and non-economic damages resulting from the loss of the love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, guidance, services, earnings, and financial support of JONTELL REEDOM in an amount according to proof at trial.

49.    As a further proximate result of the above-described conduct of the Defendants, and each of them, and the ensuing death of JONTELL REEDOM, Plaintiff has incurred funeral and burial expenses in an amount according to proof at trial.

## FOR THE FIFTH CAUSE OF ACTION

**(By All Plaintiffs Against All Defendants for Wrongful Death [Cal. Government Code §§ 815.2(a), 820(a)])**

**(Based on Negligence)**

50.    Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

51.    All claims asserted herein against the Defendant CITY are presented pursuant to the Defendant CITY's vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone, (323) 282-5280 Facsimile

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

California Government Code §§ 815.2(a) and 820(a).

52.    At approximately 4:30 p.m. on March 12, 2018, Plaintiff's decedent, JONTELL REEDOM, was at or around the intersection of Cross Avenue and North Cherry Street when two heretofore unknown Defendant DOE Officers, while acting under color of state law and in the course and scope of their employment with the Defendant CITY and the Tulare Police Department, negligently assessed the circumstances presented to them, and then violently confronted JONTELL REEDOM. At the time that the Defendant DOE Officers first encountered JONTELL REEDOM, it was or should have been apparent to the Defendant DOE Officers that JONTELL REEDOM was mentally unwell and/or going through a mental health crisis.

53.    After the Defendant DOE Officers violently confronted JONTELL REEDOM at or around the intersection of Cross Avenue and North Cherry Street, the Defendant DOE Officers proceeded to negligently and unjustifiably inflict physical injury upon JONTELL REEDOM by discharging a Taser at JONTELL REEDOM, punching JONTELL REEDOM multiple times, striking JONTELL REEDOM with a baton, deploying pepper spray against JONTELL REEDOM, and, without warning, negligently discharging their department-issued firearms at JONTELL REEDOM, inflicting multiple gunshot wounds, which proved to be fatal. After surviving for an appreciable period of time following the shooting, JONTELL REEDOM died as a direct and proximate result of the gunshot wounds negligently inflicted upon his person by the Defendant DOE Officers.

54.    At no time during the course of these events did JONTELL REEDOM pose any immediate threat of death or serious bodily injury to the Defendant DOE Officers, nor did he do anything to justify the force used against him who shot him, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which he was fatally shot, JONTELL REEDOM posed no immediate threat of death or serious bodily injury to the Defendant DOE Officers, nor to any other individual. Both prior to and during the time in which he was shot dead, JONTELL REEDOM made no

aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that he had the will, or the ability, to inflict substantial bodily harm against any individual. Both prior to and during the time in which the Defendant DOE Officers shot and killed JONTELL REEDOM, the Defendant DOE Officers, who fired, were not faced with any circumstances which would have led a reasonable police officer to believe that JONTELL REEDOM posed an immediate threat of death or serious bodily injury to any person.

55.     Plaintiff is informed, believes, and thereon alleges that on and before March 12, 2018, the Defendant DOE Officers had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the use of deadly force, and had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the execution of police tactics and police procedures in approaching and/or attempting to detain civilians and suspects who are or may be mentally ill and/or emotionally disturbed, and do not pose an immediate threat of death or serious bodily harm to any person. Notwithstanding each of these duties, the Defendant DOE Officers failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to, negligently failing to utilize additional departmental resources during the incident involving JONTELL REEDOM, negligently failing to utilize available forms of cover and concealment during the incident involving JONTELL REEDOM, negligently failing to maintain a position of tactical advantage during the incident involving JONTELL REEDOM, negligently failing to communicate and/or effectively communicate with each other, with other departmental personnel and resources, and with JONTELL REEDOM during the incident involving JONTELL REEDOM, negligently failing to utilize and/or appropriately utilize less lethal force options and other alternatives less intrusive than deadly force during the incident involving JONTELL REEDOM, negligently failing to deescalate the situation involving JONTELL REEDOM, negligently employing a tactical response to the situation

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

involving JONTELL REEDOM that resulted in the unnecessary and preventable shooting of JONTELL REEDOM, negligently failing to determine the fact that JONTELL REEDOM posed no immediate threat of death or serious bodily injury to any person when he was shot and killed, negligently inflicting physical injury upon JONTELL REEDOM, as described herein, and negligently employing deadly force against JONTELL REEDOM when the same was unnecessary and unlawful. All of these negligent acts proximately caused JONTELL REEDOM's death on March 12, 2018.

56.     As a proximate result of the above-described conduct of the Defendants, and each of them, JONTELL REEDOM was shot and killed on March 12, 2018.

57.     As a direct and proximate result of the death of JONTELL REEDOM and the above-described conduct of the Defendants, and each of them, and the ensuing death of JONTELL REEDOM, JONTELL REEDOM's heir, the Plaintiff herein, has sustained substantial economic and non-economic damages resulting from the loss of the love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, guidance, services, earnings, and financial support of JONTELL REEDOM in an amount according to proof at trial.

58.     As a further proximate result of the above-described conduct of the Defendants, and each of them, and the ensuing death of JONTELL REEDOM, Plaintiff has incurred funeral and burial expenses in an amount according to proof at trial.

///
///
///
///
///
///
///
///

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1.  For funeral and burial related expenses according to proof at trial;

2.  For general and special damages in an amount according to proof at trial;

3.  For costs of suit incurred herein;

4.  For attorneys' fees incurred herein, as provided by law;

5.  For punitive damages against the individual Defendants in their individual capacities in an amount according to proof at trial; and

6.  For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands that a jury be impaneled for the trial of this matter.

DATED: October 3, 2018                     Respectfully submitted,

                                                  **THE COCHRAN FIRM CALIFORNIA**

By: /s/ Brian T. Dunn
                                BRIAN T. DUNN
                                MEGAN R. GYONGYOS
                                Attorneys for Plaintiff BOBBY REEDOM

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard. Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

# STATE OF CALIFORNIA

OFFICE OF VITAL RECORDS

# COUNTY OF TULARE

TULARE, CALIFORNIA

3052018066434 — STATE FILE NUMBER

**CERTIFICATE OF DEATH** — STATE OF CALIFORNIA · USE BLACK INK ONLY / NO ERASURES, WHITEOUTS OR ALTERATIONS · VS-11 REV 3/06

3201854000748 — LOCAL REGISTRATION NUMBER

| Field | Value |
|---|---|
| 1. NAME OF DECEDENT—FIRST (Given) | JONTELL |
| 2. MIDDLE | TREMAYNE |
| 3. LAST (Family) | REEDOM |
| AKA, ALSO KNOWN AS – Include full AKA (FIRST, MIDDLE, LAST) | |
| 4. DATE OF BIRTH mm/dd/ccyy | 03/07/1991 |
| 5. AGE Yrs. | 27 |
| 6. SEX | M |
| 9. BIRTH STATE/FOREIGN COUNTRY | CA |
| 10. SOCIAL SECURITY NUMBER | 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 |
| 11. EVER IN U.S. ARMED FORCES? | NO (X) |
| 12. MARITAL STATUS/SRDP (at Time of Death) | NEVER MARRIED |
| 7. DATE OF DEATH mm/dd/ccyy | 03/12/2018 |
| 8. HOUR (24 Hours) | 1735 |
| 13. EDUCATION – Highest Level/Degree | HS GRADUATE |
| 14/15. WAS DECEDENT HISPANIC/LATINO(A)/SPANISH? If yes, see worksheet on back | NO (X) |
| 16. DECEDENT'S RACE – Up to 3 races may be listed (see worksheet on back) | AFRICAN AMERICAN |
| 17. USUAL OCCUPATION – Type of work for most of life, DO NOT USE RETIRED | NEVER WORKED |
| 18. KIND OF BUSINESS OR INDUSTRY (e.g., grocery store, road construction, employment agency, etc.) | OWN HOME |
| 19. YEARS IN OCCUPATION | 0 |
| 20. DECEDENT'S RESIDENCE (Street and number, or location) | 314 N M STREET |
| 21. CITY | TULARE |
| 22. COUNTY/PROVINCE | TULARE |
| 23. ZIP CODE | 93274 |
| 24. YEARS IN COUNTY | 27 |
| 25. STATE/FOREIGN COUNTRY | CA |
| 26. INFORMANT'S NAME, RELATIONSHIP | ANYKA HARRIS, MOTHER |
| 27. INFORMANT'S MAILING ADDRESS (Street and number, or rural route number, city or town, state and zip) | 5545 SKY PARKWAY #180, SACRAMENTO, CA 95823 |
| 28. NAME OF SURVIVING SPOUSE/SRDP—FIRST | |
| 29. MIDDLE | |
| 30. LAST (BIRTH NAME) | |
| 31. NAME OF FATHER/PARENT–FIRST | BOBBY |
| 32. MIDDLE | |
| 33. LAST | REEDOM |
| 34. BIRTH STATE | CA |
| 35. NAME OF MOTHER/PARENT–FIRST | ANYKA |
| 36. MIDDLE | |
| 37. LAST (BIRTH NAME) | HARRIS |
| 38. BIRTH STATE | CA |
| 39. DISPOSITION DATE mm/dd/ccyy | 03/27/2018 |
| 40. PLACE OF FINAL DISPOSITION | RES: ANYKA HARRIS 5545 SKY PARKWAY #180, SACRAMENTO, CA 95823 |
| 41. TYPE OF DISPOSITION(S) | CR/RES |
| 42. SIGNATURE OF EMBALMER | NOT EMBALMED |
| 43. LICENSE NUMBER | |
| 44. NAME OF FUNERAL ESTABLISHMENT | STERLING & SMITH FUNERAL HOME |
| 45. LICENSE NUMBER | FD2106 |
| 46. SIGNATURE OF LOCAL REGISTRAR | KAREN HAUGHT, MD |
| 47. DATE mm/dd/ccyy | 03/27/2018 |
| 101. PLACE OF DEATH | KAWEAH DELTA MEDICAL CENTER |
| 102. IF HOSPITAL, SPECIFY ONE | ER/OP (X) |
| 103. IF OTHER THAN HOSPITAL, SPECIFY ONE | |
| 104. COUNTY | TULARE |
| 105. FACILITY ADDRESS OR LOCATION WHERE FOUND (Street and number, or location) | 400 W. MINERAL KING AVE |
| 106. CITY | VISALIA |

## CAUSE OF DEATH

| Field | Value |
|---|---|
| 107. CAUSE OF DEATH – IMMEDIATE CAUSE (A) (Final disease or condition resulting in death) | SINGLE PENETRATING GUN SHOT WOUND, HEAD |
| Time Interval Between Onset and Death | MINS |
| 308. DEATH REPORTED TO CORONER? | YES (X) |
| AT | 18-3-217-41 |
| 109. BIOPSY PERFORMED? | NO (X) |
| 110. AUTOPSY PERFORMED? | YES (X) |
| 111. USED IN DETERMINING CAUSE? | |
| 112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107 | MULTIPLE PENETRATING AND PERFORATING GUN SHOT WOUNDS |
| 113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112? If yes, list type of operation and date.) | THORACOTOMY 03/12/2018 |
| 113A. IF FEMALE, PREGNANT IN LAST YEAR? | |
| 114. I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. | Decedent Attended Since / Decedent Last Seen Alive |
| 115. SIGNATURE AND TITLE OF CERTIFIER | |
| 116. LICENSE NUMBER | |
| 117. DATE mm/dd/ccyy | |
| 118. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE | |
| 119. I CERTIFY THAT IN MY OPINION DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. | |
| 120. MANNER OF DEATH | Homicide (X) |
| 121. INJURED AT WORK? | YES (X) |
| 121. INJURY DATE mm/dd/ccyy | 03/12/2018 |
| 122. HOUR (24 Hours) | UNK |
| 123. PLACE OF INJURY (e.g., home, construction site, wooded area, etc.) | PUBLIC SIDEWALK |
| 124. DESCRIBE HOW INJURY OCCURRED (Events which resulted in injury) | JUSTIFIABLE HOMICIDE BY A PEACE OFFICER PURSUANT TO CALIFORNIA STATE PENAL CODE SECTION 196.3 |
| 125. LOCATION OF INJURY (Street and number, or location, and city and zip) | 695 E. CROSS AVENUE, TULARE, CA 93274 |
| 126. SIGNATURE OF CORONER / DEPUTY CORONER | WILLIAM PERRYMAN |
| 127. DATE mm/dd/ccyy | 03/27/2018 |
| 128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER | WILLIAM PERRYMAN, DEP. CORONER |
| STATE REGISTRAR | A B C D E |
| FAX AUTH # | |
| CENSUS TRACT | |

*01001003831221*

CERTIFIED COPY OF VITAL RECORDS
STATE OF CALIFORNIA, COUNTY OF TULARE

This is a true and exact reproduction of the document officially registered and placed on file in the VITAL STATISTICS OFFICE, COUNTY OF TULARE HEALTH AND HUMAN SERVICE AGENCY.

*00035 7079*

DATE ISSUED **MAR 28 2018**

*Karen Haught*
Karen Haught, M.D., M.P.H., Tulare County Health Officer
Registrar of Vital Statistics

This copy is not valid unless prepared on an engraved border, displaying date, seal and signature of the County Health Officer.
RINCO (Rev) 07/16

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

## DECLARATION OF BOBBY REEDOM

1.      The decedent's name who is the subject of this action for violations of civil rights and wrongful death is JONTELL REEDOM.

2.      On March 12, 2018, JONTELL REEDOM was killed in an officer-involved shooting incident which occurred at or around the intersection of Cross Avenue and North Cherry Street in the City and County of Tulare and State of California.

3.      No proceeding is now pending in California for the administration of the decedent's estate.

4.      I am the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the within action.

5.      No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action.


        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


DATED: September 10, 2018

BOBBY REEDOM, declarant